UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
SEP - 3 2026
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 5:26 CR. 104. KKC. MAS

**DAVID CAMPBELL,**
**aka DAVID CAVINESS,**
**aka DC,**
**TAVIS CHENAULT,**
**aka T,**
**NETORIA CAMPBELL,**
**CLAYNISHA MAYBERRY, and**
**RAVION JACKSON**

* * * * *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**21 U.S.C. § 846**

Beginning on or about April 19, 2024, and continuing through on or about April 24, 2024, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**DAVID CAMPBELL,**
**aka DAVID CAVINESS, aka DC,**
**NETORIA CAMPBELL, and**
**CLAYNISHA MAYBERRY**

did knowingly and intentionally conspire together and with others, both known and unknown to the Grand Jury, to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, and 500 grams

or more of a mixture or substance containing a detectable amount of cocaine, each a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

**COUNT 2**
**21 U.S.C. § 846**

Beginning on or about July 31, 2026, and continuing through on or about August 7, 2026, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**DAVID CAMPBELL,**
**aka DAVID CAVINESS, aka DC,**
**TAVIS CHENAULT,**
**aka T,**
**NETORIA CAMPBELL, and**
**RAVION JACKSON**

did knowingly and intentionally conspire together and with others, both known and unknown to the Grand Jury, to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

**COUNT 3**
**21 U.S.C. § 841(a)(1)**

On or about August 14, 2026, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**TAVIS CHENAULT,**
**aka T,**

did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture or substance containing fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

## 21 U.S.C. § 851 Enhancement

Before **DAVID CAMPBELL** committed the offenses charged in Counts 1 and 2 of this Indictment, he had a final conviction for a serious drug felony, namely, a conviction for conspiracy to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 846 and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) in the Eastern District of Kentucky, Case No. 12-CR-79. **CAMPBELL** was sentenced to 66 months' imprisonment on May 30, 2013. **CAMPBELL** served more than 12 months of imprisonment for this prior offense, and he was released from serving any term of imprisonment related to this offense within 15 years of the commencement of the instant offenses.

## FORFEITURE ALLEGATION
## 21 U.S.C. § 853

1. By virtue of the commission of the felony offenses alleged in Counts 1 through 3 of this Indictment, the same being punishable by imprisonment for more than one year, **DAVID CAMPBELL, NETORIA CAMPBELL, CLAYNISHA MAYBERRY, TAVIS CHENAULT, and RAVION JACKSON,** each shall forfeit to the United States any and all interest that he or she has in any property, real or personal, that was used or intended to be used to commit or facilitate the commission of the violations of 21 U.S.C. §§ 846 and 841(a)(1) and any property, real or personal, constituting or derived from any proceeds that he obtained, directly or indirectly, as a result of such violations. Any and all interest that the defendants have in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT:**
A forfeiture money judgment in the amount of proceeds obtained by the Defendants as a result of the violations of 18 U.S.C. §§ 841 and 846.

3. If any of the property listed above, as a result of any act or omission of the Defendants, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

[redacted]

**JASON D. PARMAN**
**UNITED STATES ATTORNEY**

**MARY MELTON**
**ASSISTANT UNITED STATES ATTORNEY**

## PENALTIES

**COUNTS 1 - 3:** **If 500 grams or more of methamphetamine or 400 grams or more of fentanyl:**

Not less than 10 years and not more than life imprisonment, a fine of not more than $10,000,000, and at least 5 years supervised release.

> **If 500 grams or more of methamphetamine or 400 grams or more of fentanyl <u>and</u> at least one prior serious drug felony or serious violent felony conviction:** Not less than 15 years and not more than Life imprisonment, a fine of not more than $20,000,000, and at least 10 years supervised release.

**If 500 grams or more of cocaine:**

Not less than 5 years and not more than 40 years imprisonment, a fine of not more than $5,000,000, and at least 4 years supervised release.

> **If 500 grams or more of cocaine <u>and</u> at least one prior serious drug felony or serious violent felony conviction:** Not less than 10 years and not more than Life imprisonment, a fine of not more than $8,000,000, and at least 8 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.